IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLOS CARLOTORECC | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LOUIS S. FOLINO, et al. | : | No. 06-5135 |

**REPORT AND RECOMMENDATION**

PETER B. SCUDERI
UNITED STATES MAGISTRATE JUDGE                February 27, 2007

This is a counseled petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Carlos Carlotorecc ("Petitioner"), an individual currently incarcerated in the Greene State Correctional Institute at Waynesburg, Pennsylvania. For the reasons that follow, I recommend that the petition be dismissed without prejudice as a mixed petition.

**I.   PROCEDURAL HISTORY**

On January 31, 2000, a jury sitting before the Honorable Renee Cardwell Hughes of the Court of Common Pleas of Philadelphia County convicted Petitioner of first degree murder and possessing an instrument of crime. On February 7, 2000, Judge Hughes sentenced Petitioner to life imprisonment for first-degree murder and a concurrent term of two and one-half (2½) to five (5) years imprisonment for the weapons offense.

Petitioner appealed to the Pennsylvania Superior Court, arguing ineffective assistance of trial counsel for failing to request a jury instruction on expert testimony in connection with the Commonwealth's ballistics expert, and for failing to request an instruction stating that mitigating factors may negate the specific intent to kill. See Respondents' Exhibit "C," at 3. On January 30, 2002, the Superior Court affirmed the

judgments of sentence by memorandum opinion.  <u>Commonwealth v. Carlotorecc</u>, No. 760 EDA 2000 (Pa. Super. Jan. 30, 2002).  Petitioner filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on July 9, 2002.  <u>Commonwealth v. Carlotorecc</u>, 805 A.2d 519 (Pa. 2002) (table).

On November 27, 2002, Petitioner filed a counseled application for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541 <u>et</u> <u>seq</u>.  On July 10, 2003, appointed counsel filed an amended PCRA petition, raising five (5) claims of ineffectiveness of direct appellate counsel; and on November 25, 2003, appointed counsel filed a second amended petition, requesting, in the alternative, the reinstatement of his direct appeal rights <u>nunc pro tunc</u>.  On January 9, 2004, the PCRA court granted Petitioner's request for a second direct appeal <u>nunc pro tunc</u>, except as to the two (2) claims already addressed by the Superior Court in his first direct appeal.  Judge Hughes denied all other claims for relief.

On January 21, 2004, Petitioner filed two (2) appeals in the Pennsylvania Superior Court – the first pursuant to the PCRA court's order granting him a second direct appeal <u>nunc pro tunc</u>, and the second appealing the denial of his other claims for relief.  In the first appeal, Petitioner raised three (3) claims of trial court error: (1) in denying his motion for a mistrial based on an investigator's alleged reference to Petitioner's invocation of his right to remain silent; (2) in denying his motion for a mistrial based on the prosecutor's alleged misconduct in referring to Petitioner's attempt to establish an

alibi; and (3) in admitting testimony concerning threats made by Petitioner, as well as prior violence against a girlfriend.  In his second appeal, Petitioner argued that the PCRA court erred in finding no merit to his claims that: (1) appellate counsel was ineffective for failing to interview a potential witness; and (2) that the testimony of the potential witness constituted newly discovered evidence entitling him to a new trial.

The Superior Court consolidated both appeals for purposes of review, and on May 9, 2005, affirmed the denial of relief as to all claims.  Commonwealth v. Carlotorecc, 880 A.2nd 4 (May 9, 2005) (table).  Petitioner filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on December 19, 2005.  Commonwealth v. Carlotorecc, 890 A.2d 1056 (Pa. 2005) (table).

On November 20, 2006, Petitioner filed the present counseled petition for writ of habeas corpus, raising four (4) claims: (1) prosecutorial misconduct in forcing the Commonwealth's four (4) main witnesses to falsely identify Petitioner as the shooter; (2) ineffective assistance of trial counsel; (3) prosecutorial misconduct in opening and closing arguments; and (4) purposeful racial discrimination in jury selection in violation of Batson v. Kentucky, 476 U.S. 79 (1986).  On February 16, 2007, Respondents filed an Answer asserting that this is a mixed petition insofar as three (3) of the asserted claims are unexhausted, and that Petitioner may file a timely collateral appeal in the state courts.[1]

---

[1] Respondents aver, and the Court agrees, that Petitioner has a small window of opportunity in which to file a timely PCRA petition.  However, counsel for Petitioner has notified the Court that Petitioner will be filing a PCRA petition forthwith.

## II. DISCUSSION

A federal court, absent unusual circumstances, should not entertain a petition for writ of habeas corpus unless the petitioner has first satisfied the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A). A petitioner will not be deemed to have exhausted available state remedies if he had the right under the law of the state to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c); see also O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("we ask not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts"). The habeas corpus petitioner has the burden of proving exhaustion of all available state remedies. Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (citing 28 U.S.C. § 2254).

Here, Petitioner arguably presented only one (1) of his present claims to the state courts, namely, his claim that the prosecutor made improper statements during opening and closing argument.[2] At best, therefore, only one (1) claim is exhausted; all remaining claims are unexhausted.

Because the present habeas petition contains both exhausted and unexhausted claims, the petition is considered "mixed," requiring dismissal. See Rose v. Lundy, 455 U.S. 509 (1982). Petitioner may withdraw his unexhausted claims, allowing the federal

---

[2]In their Answer, Respondents aver that Petitioner exhausted only a variant of this claim. See Answer at 13, n.3. Although it is not necessary for the Court to address the issue at this time, I note that a federal court will only consider those variants of a claim that have been properly exhausted in the state courts.

court to proceed to address only the exhausted claim, or he may pursue his state collateral appeal in an attempt to exhaust his unexhausted claims. As previously noted, counsel for Petitioner has notified the Court that Petitioner intends to file a PCRA petition forthwith, in order to effectuate the exhaustion of his claims. Accordingly, the present habeas petition should be dismissed.

Finally, I find no reason to stay Petitioner's habeas petition. In <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), the United States Supreme Court found that a "stay and abey" procedure was appropriate, limited to those circumstances where dismissal of a mixed petition could jeopardize a petitioner's ability to obtain federal review at a later date. Here, it appears that Petitioner may still file his PCRA petition in a timely fashion – and his counsel has affirmatively indicated to the Court that he will do so. Once Petitioner has exhausted his state court remedies, he can return to federal court by re-filing his habeas petition, if necessary.[3]

---

[3] The dismissal of this petition without prejudice does not toll nor waive the limitations period of 28 U.S.C. § 2244. In furtherance thereof, I note that if Petitioner submits a "properly filed application" for post-conviction relief to the state court, it would toll the federal statute of limitations. <u>See</u> 28 U.S.C. § 2254(d)(2); <u>Carey v. Saffold</u>, 536 U.S. 214 (2002) (an application for collateral review in state court must satisfy the state's timeliness requirements to be deemed "properly filed"). Notwithstanding, the one (1) year federal statute of limitations does not reset once a "properly filed" application for post-conviction relief has been decided, <u>Johnson v. Hendricks</u>, 314 F.3d 159, 161-162 (3d Cir.), <u>cert. denied</u>, 538 U.S. 1022 (2003). Petitioner is thus forewarned that in filing a new federal habeas petition, he will only have the time left on the one (1) year federal statute of limitations that he has not already used before filing his PCRA petition. If Petitioner re-files his federal habeas petition at some point in time after the collateral appeal process, and the district court finds that the one (1) year limitations period has run, the petition will be dismissed.

Therefore, I make the following:

## **R E C O M M E N D A T I O N**

AND NOW, this   27th    day of February, 2007, IT IS RESPECTFULLY RECOMMENDED that the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be DISMISSED WITHOUT PREJUDICE.  There has been <u>no</u> substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability.

/s/Peter B. Scuderi
PETER B. SCUDERI
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLOS CARLOTORECC | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LOUIS S. FOLINO, et al. | : | No. 06-5135 |

**O R D E R**

AND NOW, this        day of                           , upon careful and independent consideration of the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, and after review of the Report and Recommendation of United States Magistrate Judge Peter B. Scuderi, and any objections made thereto, IT IS ORDERED that:

1.  The Report and Recommendation is APPROVED and ADOPTED.

2.  The petition filed pursuant to 28 U.S.C. § 2254 is DISMISSED WITHOUT PREJUDICE.

3.  There is no basis for the issuance of a certificate of appealability.

BY THE COURT:

_____
RONALD L. BUCKWALTER, J.